**Abdul Wakil AMIRI, Appellant**

v.

**SECURITAS SECURITY SERVICES USA, INC., et al., Appellees.**

No. 14–7043.

United States Court of Appeals, District of Columbia Circuit.

June 5, 2015.

Rehearing En Banc Denied July 24, 2015.

Abdul Wakil Amiri, Washington, DC, pro se.

Frank Charles Morris, Jr., Brian Wayne Steinbach, Epstein Becker & Green, PC, Washington, DC, Defendant-Appellee.

BEFORE: GRIFFITH, SRINIVASAN, and PILLARD, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). Upon consideration of the foregoing; the motion for appointment of counsel, the response thereto, and the reply; and the motion for leave to file a supplemental appendix and the opposition thereto; it is

**ORDERED** that the motion for appointment of counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion for leave to file a supplemental appendix be granted. *See* D.C.Cir. Rules 24(b), 30(e). The Clerk is directed to file the lodged supplemental appendix. It is

**ORDERED AND ADJUDGED** that the district court's order filed April 1, 2014, be affirmed. The district court properly held that Title VII does not impose individual liability on the employees named as defendants. *See* 42 U.S.C. § 2000e(b); *Gary v. Long,* 59 F.3d 1391, 1399 (D.C.Cir.1995). Next, the district court properly determined that appellant failed to exhaust his administrative remedies with respect to his discrimination claim under Title VII against Securitas Security Services USA, Inc., because appellant did not present the claim in his administrative charge. *See Park v. Howard Univ.,* 71 F.3d 904, 907–08 (D.C.Cir.1995).

Appellant also alleged he was not rehired as a security officer in retaliation for his filing a prior discrimination claim against the employer, in violation of Title VII, 42 U.S.C. § 2000e–3(a). But he has not put forward sufficient evidence for a

reasonable jury to find that the employer's stated reason for its hiring decision was not the actual reason and that the employer intentionally retaliated against him for filing the earlier administrative complaint. *See McGrath v. Clinton,* 666 F.3d 1377, 1383 (D.C.Cir.2012). On that ground, we affirm the judgment for Securitas on the Title VII retaliation claim. *See Hernandez v. Pritzker,* 741 F.3d 129, 133 (D.C.Cir. 2013).

With respect to the claim of discrimination in violation of 42 U.S.C. § 1981, rather than a dismissal for failure to state a claim, we hold that the employer was entitled to summary judgment because, as with the Title VII retaliation claim, appellant failed to produce sufficient evidence for a reasonable jury to find that the employer intentionally discriminated against him on the basis of race. *See Brown v. Sessoms,* 774 F.3d 1016, 1022 (D.C.Cir.2014); *Carney v. American University,* 151 F.3d 1090, 1092–93 (D.C.Cir.1998).

Finally, in light of the dismissal of appellant's federal claims, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3); *Shekoyan v. Sibley Int'l,* 409 F.3d 414, 423–24 (D.C.Cir.2005).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.